## Adam v. State Farm Mutual Auto Insurance Company

*G. Taylor Tunstall, Jr.*, for petitioners.
*Peter J. Hoffman*, for remaindermen.

DiNUBILE, *J.*, June 18, 1979—This is a motion for the appointment of a third arbitrator based on a claim made by petitioners, the administrators of the Estate of Linda A. Adam, deceased, under the uninsured motorist coverage of an insurance policy issued by respondent, State Farm Mutual Insurance Company, to the parents of decedent.

On September 13, 1975, a vehicle operated by William Simon struck five college students, fatally injuring the deceased and another person. Simon was covered by insurance in the sum of $15,000 per person and $30,000 per accident, and the insurance proceeds of $30,000 were distributed among the parties with the estates of each decedent receiving $9500.

Petitioners contend that the Simon vehicle was underinsured and, therefore, uninsured because sufficient coverage was not maintained to allow the estate to recover at least $15,000 in damages.

On September 15, 1977, a petition was filed to show cause why arbitration should not proceed on the basis of an uninsured motorist's claim and a rule returnable was issued with a due date of October 20, 1977. In the interim, respondent voluntar-

ily agreed to arbitrate the matter with a three person board and the petition was withdrawn. Thereafter, each party appointed an arbitrator but their appointees were unable to agree upon the selection of a third person.

On May 18, 1979, petitioners moved the court for the appointment of a third arbitrator. Respondent in new matter asserted that it was no longer in a position to arbitrate the claim since the issue presented was held to be non-arbitratable by two common pleas court judges. See: Stephen v. Nationwide Insurance Company, 2 P.C.R. 129 (1979); Mapp v. Nationwide Insurance Company, 1 P.C.R. 532 (1978).

The Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, sec. 104, 40 P.S. §1009.104, requires the driver of a motor vehicle which is registered or operated in Pennsylvania to be covered by liability insurance in the sum of $15,000 for bodily injury or death to one person and sums totalling $30,000 for any one accident.

The Simon auto which was involved in this accident was covered by a liability policy of $15,000 to $30,000 as provided by law. Although the compensation due to the estate may very well be in excess of the $9500, it can only recover under the policy of the decedent's parents if the wrongdoer was an uninsured motorist.

It is the contention of petitioners that under the law the minimum sum recoverable by a person is $15,000. They equate coverage with recovery. It is true that in an accident involving one person the maximum is fixed at $15,000; however, it is not the case when the incident involves multiple parties. In such a situation the law clearly and unequivocally requires insurance coverage in the amount of

$30,000 per accident. This could only mean that the total amount for distribution shall not exceed $30,000 and not $15,000 per person as contended by petitioners.

The driver of the auto involved in the accident complied with the law and therefore was not an uninsured motorist.

However, this fact does not resolve the issue before us until a determination is made as to the effect of the agreement to arbitrate. Assuming arguendo that there was good and sufficient consideration for the agreement to arbitrate, nevertheless, it would be improper to submit this case to arbitration.

The State Farm Policy covering the deceased requires arbitration under the Act of April 25, 1927, P.L. 381, 5 P.S. §§161-181.

Unlike common law arbitration under which the court cannot correct errors of law, section 11D of the Act of 1927, 5 P.S. §171, permits the court to correct or modify an award: "Where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict." See State Farm Mut. Auto. Ins. Co. v. Williams, 481 Pa. 130, 392 A. 2d 281 (1978).

Having decided that the Simon vehicle was not an uninsured vehicle, any award by the arbitrators providing additional compensation, inconsistent with the amount already paid, would be an error of law. It would be futile to prolong this litigation by submitting it to arbitration only to have it set aside if the estate is awarded any sum in addition to that which it has already received.

For the foregoing reasons, we find that this matter should not be submitted to arbitration.

## ORDER

And now, June 18, 1979, it is hereby ordered and decreed that petitioners' motion for the appointment of a third arbitrator is hereby denied.