411 A.2d 552

**Zelda SONES**

v.

**AETNA CASUALTY AND SURETY CO., Appellant.**

Superior Court of Pennsylvania.

Argued June 25, 1979.

Filed Oct. 5, 1979.

Petition for Allowance of Appeal Denied Jan. 16, 1980.

Frederick Goldfein, Philadelphia, for appellant.

Steven R. Sher, Philadelphia, for appellee.

Before WIEAND, ROBINSON and LOUIK, JJ.*

ROBINSON, Judge:

Zelda Sones, Appellee, was involved in an automobile collision with an uninsured motorist and sustained personal injuries. At the time of the accident, she was a passenger in an automobile owned by her husband, Dr. Sones. The vehicle in which appellee was a passenger was one of three

* Judge OTTO P. ROBINSON of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

automobiles owned by Dr. Sones which were included in a motor vehicle liability policy issued by the appellant, Aetna Casualty and Surety Company. However, separate premiums were paid for each vehicle including a premium for Uninsured Motorist Coverage for each vehicle. The uninsured coverage for each automobile was $10,000.00 per person and $20,000.00 per accident. Appellee, claiming to have suffered damages in the amount of $15,000.00, made claim for that amount. However, appellant refused to make payment because this exceeded the amount of coverage for one person. The dispute was thereafter submitted to arbitrators who, in a two to one decision, awarded appellee damages in the amount of $15,000.00.

Thereafter, appellant petitioned the court below to vacate (or in the alternative to modify) the award. The court below in denying the petition to vacate held that the policy in question did not unambiguously exclude "stacking" in view of the language of the policy and the legislative intent in enacting the uninsured motorist law (Act of August 14, 1963, P.L. 909, § 1, as amended, 40 P.S. § 2000). This appeal followed.

Appellant-insurer contends the award of the arbitrators should have been vacated or modified because the uninsured motorist coverage for two of the automobiles insured under the policy were cumulated or "stacked" to arrive at an award which exceeded in amount the limit for one vehicle, in contravention of the following provision of the policy.

## LIMITS OF LIABILITY

"Regardless of the number of  *  *  *  automobiles or trailers to which this policy applies,

(c) the limit of liability for Uninsured Motorist Coverage stated in the declaration as applicable to "each person" is the limit of the Company's liability for all damages because of bodily injury sustained by one person as the result of any one accident  *  *  *."

Appellant-insurer argues that the above language limits its liability to $10,000.00 per person regardless of the number of vehicles insured and notwithstanding that a premium has been charged for each of the automobiles insured. It further contends that the language of the above limitation of liability clause unambiguously and clearly manifests an intent to exclude any cumulation or stacking of coverages.

However, for the reason hereinafter stated, the central issue in this case is not whether the above provision of the policy unambiguously prohibits and excludes any cumulation of coverages; but rather whether the provision, even if so construed, is in derogation of and repugnant to the coverage provisions of the Uninsured Motorist Act (40 P.S. 2000).

In *Nationwide Mutual Insurance Co. v. Ealy*, 221 Pa.Super. 138, 289 A.2d 113 (1972) this court did uphold as valid an exclusionary clause which expressly prohibited the cumulation of coverages. In *Ealy*, five separate policies were issued covering each of five vehicles owned by Ealy. Each policy expressly excluded from uninsured motorist coverage the other vehicles owned by Ealy. The injured parties contended that the uninsured motorist act permitted them to cumulate the individual coverage in each of the policies up to the amount of their actual loss. We there held that since the plaintiffs below had contractually agreed not to cumulate the coverages on the five vehicles and since such an express exclusionary clause is not repugnant to the uninsured motorist act, plaintiffs were barred from cumulating the coverages.

However, the holding in *Ealy* lost all value as a precedent as a result of the Supreme Court's opinion in *State Farm Mutual Auto Insurance Company v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978). In a unanimous opinion, the court therein stated, "We believe *Ealy* cannot stand in light of the uninsured motorist statute and this court's decision in *Harleysville*." 481 Pa. at 143, 392 A.2d at 287. [*Harleysville Mutual Casualty Co. v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968)]. The Supreme Court there ruled that the uninsured motorist statute mandates a floor of minimum protection to

be afforded to the owner or operator of a motor vehicle within the state and that while the legislature has permitted enhancement of that minimum, *the statute does not permit a diminution of that protection.*

The rationale of the holdings in both *Harleysville* and *State Farm Mutual* (supra) was that a liability-limiting provision in a policy, the effect of which is to prohibit and preclude an injured person who is an insured under the policy from pyramiding or cumulating the separate uninsured motorist coverages available to him is in derogation of and repugnant to the Uninsured Motorist Act which requires uninsured motorist coverage in all policies of insurance with respect to each motor vehicle insured.

In the instant case, three premiums have been paid, one for each vehicle. It is not here disputed that appellee has suffered damages in the amount of $15,000.00 which is $5,000.00 in excess of the $10,000.00 per person coverage per vehicle. Therefore, in light of the decision of the Supreme Court in *State Farm Mutual Auto Ins. Co. v. Williams* (supra) we hold that the limitation of liability provision of the policy upon which appellant relies to limit its liability to $10,000.00 is in derogation of and repugnant to the coverage provisions of the Uninsured Motorist Act and is therefore ineffective to so limit its liability. Therefore, appellee was not restricted to the $10,000.00 limit of liability of uninsured motorist coverage applicable to one vehicle but was also entitled to cumulate, up to the amount of her loss, the coverage available to her under the other insured vehicle.

At the time the lower court denied the petition to vacate the Arbitration Award, the opinion in *State Farm Mutual* (supra) had not been published. Thus the lower court based its decision on the rationale of *Blocker v. Aetna Casualty and Surety Co.*, 232 Pa.Super. 111, 332 A.2d 476 (1975), which held that where the language of a limitation of liability provision of a policy is ambiguous with respect to whether it permitted "stacking" or multiplication of coverages, the provision would be construed so as to permit "stacking". Inasmuch as even an express prohibition

335

against "stacking", such as was present in *Ealy*, has been declared invalid by the Supreme Court, it is unnecessary for us to pass on the issue as to whether the language of the Limits of Liability provision of the policy is so clear and unambiguous that it must be construed to exclude cumulation or stacking of coverages. Such an issue appears to be no longer relevant in the determination of the question as to whether cumulation of uninsured motorists' coverages is permitted.

■ Thus while we have not employed the same rationale as the lower court in arriving at our decision, the result reached by both is the same. A reviewing court may affirm if any ground for affirmance exists. (See *Gilbert v. Korvette's, Inc.*, 457 Pa. 602, 327 A.2d 94 (1974), footnote 5.)

Affirmed.

LOUIK, J., did not participate in the consideration or decision of this case.