## Mirarchi v. Government Employees Insurance Company

*Theodore Schwartz*, for plaintiffs.
*John P. Dougherty, III*, for defendant.

GELFAND, *J.*, January 30, 1981—Upon consideration of plaintiffs' (Phyllis and Charles Mirarchi) petition to confirm arbitration award, defendant's (Government Employees Insurance Company) petition to modify award of arbitrators, plaintiffs' answer and new matter, defendant's reply to new matter, memoranda of law, depositions and argument in connection therewith, it is hereby ordered and decreed that this court's order of February 15, 1980 granting plaintiffs' petition to confirm arbitration award as uncontested is vacated.

Upon further consideration, it is hereby ordered and decreed that the petition of Phyllis and Charles Mirarchi is granted and the arbitrators' award in favor of Phyllis Mirarchi in the amount of $10,000 (exclusive of medical payments) and in favor of Charles Mirarchi in the amount of $5,500 (exclusive of medical payments) is confirmed. Accordingly, the petition of Government Employees Insurance Company to modify award of arbitrators is denied.

It is further ordered and decreed that plaintiffs' request for punitive damages is denied.

The arbitration award at issue herein was made in connection with an uninsured motorist claim; under the terms of the applicable insurance policy, the arbitration hearing was conducted pursuant to the Arbitration Act of April 25, 1927, P.L. 381, 5 P.S. §161 et seq.

684

The aforesaid act at section 9 provides in pertinent part:

"At any time within one year after the award is made any party to the arbitration may apply to the court having jurisdiction for an order confirming the award, and thereupon the court shall grant such an order, unless the award is vacated, modified, or corrected as prescribed in [sections 10 or 11 of this Act]."

Since the herein petition was timely filed, this court has jurisdiction to consider same.

In addition, the Act of 1927 at section 11(d) provides that the court shall modify an arbitration award "[w]here the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict."

The arbitrators found in favor of Phyllis Mirarchi in the amount of $10,000 (exclusive of medical payments) and in favor of Charles Mirarchi in the amount of $5,500 (exclusive of medical payments).

Defendant alleges that plaintiffs failed to sustain adequately the burden which is required to prove that the motor vehicle accident involved herein was causally related to the emotional problems suffered by plaintiff Charles Mirarchi. Hence, defendant seeks to modify the award pursuant to section 11(d) of the Act of 1927, 5 P.S. §171(d).

Although section 11(d) of the Arbitration Act of 1927 does establish a basis for modification or correction of an arbitrator's award, the court's ability to do so is limited to circumstances where, inter alia, ". . . the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict."

Examination of the record and award herein indicates no basis for this court to conclude that if a jury had made the verdict, the court would have entered a different or other judgment notwithstanding the verdict. See State Farm Mutual Auto. Insurance Company v. Williams, 481 Pa. 130, 392 A. 2d 281 (1978).

On the contrary, it appears to this court that there is ample medical testimony to sustain the findings of the arbitrators that Charles Mirarchi's present emotional problems are causally related to the accident.

It is well settled that under the Arbitration Act of 1927, an arbitrator's award is placed on the same footing as a jury verdict and mistakes of law may be rectified on appeal: Ben Construction Company v. Duquesne Sanitary Authority, 424 Pa. 40, 225 A. 2d 886 (1967); Pennsylvania Turnpike Commission v. Smith, 350 Pa. 355, 39 A. 2d 139 (1944).

However, a fact found by the arbitrators in the absence of an error of law must be accepted with the same force and effect as a verdict of a jury: State Farm Mutual Auto. Insurance Co. v. Williams, supra.

Hence, to the extent the request to modify the arbitrators' award is based upon factual determinations, this court sees no basis upon which to grant same.

Defendant claims that mental distress is not a cognizable claim in the instant matter inasmuch as the uninsured motorist provision of the insurance policy provides that defendant "will pay damages for bodily injury" and since the Pennsylvania Uninsured Motorist Act of August 14, 1963, P.L. 909, 40 P.S. § 2000, only refers to "bodily injury, sickness or disease. . . ."

We disagree with such literal interpretation of

these provisions and on the contrary believe "[t]he legislative intent in enacting the uninsured motorist law . . . requires a liberal construction of the statute, and a pronounced propensity on the part of the courts to find coverage unless equally strong legal or equitable considerations to the contrary are present." Sands v. Granite Mut. Ins. Co., 232 Pa. Superior Ct. 70, 331 A. 2d 711, 716-717 (1974). See Johnson v. Concord Mut. Ins. Co., 450 Pa. 614, 300 A. 2d 61 (1973).

Moreover, emotional distress has been recognized as a cause of action in the Commonwealth of Pennsylvania since 1970. See Niederman v. Brodsky, 436 Pa. 401, 261 A. 2d 84 (1970). Accordingly, our view is that a failure to include mental distress as being encompassed in "bodily injury" would be contrary to the purpose of the uninsured motorist statute.

Further, defendant also claims that the arbitration award made as to Charles Mirarchi was erroneous as a matter of law since the psychiatrist upon whose testimony plaintiffs relied based his findings as to the emotional distress of Charles Mirarchi upon information derived from Phyllis Mirarchi.

However, for an expert opinion to be competent, the expert need only show that there is some basis in fact for his or her opinion. See Kravinsky v. Glover, 263 Pa. Superior Ct. 8, 396 A. 2d 1349, 1355 (1979); Hussey v. May Dept. Stores, Inc., 238 Pa. Superior Ct. 431, 357 A. 2d 635 (1976). An examination of the notes of testimony of the arbitration hearing herein indicates there existed a basis for the expert's opinion.

Accordingly, for the foregoing reasons, the arbitrators' award in favor of plaintiffs Phyllis and Charles Mirarchi is confirmed and defendant's

(Government Employees Insurance Company) petition to modify award of arbitrators is denied.

Further, we see no basis in law or in fact for awarding plaintiffs punitive damages for defendant's alleged failure to pay plaintiff Phyllis Mirarchi's share of the award.