## Henderson v. Prudential Property & Casualty Insurance Co.

*Thomas Martin*, for plaintiff.
*Gordon G. Erdenberger*, for defendant.

BORTNER, *J.*, November 1, 1982—This is an action for declaratory judgment brought by plaintiff to determine her rights under a policy of automobile insurance issued to her father by defendant. It is presently before this court on plaintiff's motion for judgment on the pleadings filed pursuant to Rule 1034 of the Pennsylvania Rules of Civil Procedure.

The operative facts in this case were agreed to by both parties and therefore require only brief recital. On December 11, 1980, plaintiff, Christina Henderson, suffered severe injuries as a result of an automobile accident in Upper Makefield Township, Bucks County. The driver of the other vehicle was not at the time of the accident covered by any policy of liability insurance and plaintiff therefore filed a claim under the uninsured motorist provision of the policy covering her automobile. Although she recovered the policy limit of $15,000 on that claim, plaintiff's actual damages exceeded $65,000 and she has made additional demands upon defendant for payment of $50,000 under a policy issued to her father. This policy covers two vehicles, with separate premiums being paid for the coverage of each and names plaintiff as an operator of those vehicles.

It is undisputed that plaintiff, as a member of the policyholder's household, would have been protected by her father's uninsured motorist coverage had she been driving one of the cars listed in the policy. Nor is there any question but that the acci-

dent which occurred fell squarely within the policy exclusion which states:

"We won't pay for injuries suffered by anyone insured under this part if occupying or hit by a car, other than a car insured under this part, owned by you or a relative living in your household."

What is contested, however, is plaintiff's assertion that the exclusionary clause is void as repugnant to the provisions of the Uninsured Motorist Act, the Act of August 14, 1963, P.L. 909, 40 P.S. §2000.

The practice of "stacking," or cumulating the uninsured motorist coverage provided under several policies or under one policy covering several vehicles, has been accepted and endorsed by Pennsylvania courts as a necessary means of effecting the legislative mandate embodied in the Uninsured Motorist Act: Harleysville Mutual Casualty Co. v. Blumling, 429 Pa. 389, 241 A. 2d 112 (1968). It has been held that the object of the law is to protect the innocent victims of irresponsible drivers, and that a liberal construction of the statute is required to reach that end: Pattani v. Keystone Insurance Co., 426 Pa. 332, 231 A. 2d 402 (1967).

In keeping with these principles, clauses purporting to restrict coverage in certain circumstances have generally been invalidated. As the following review of the case law indicates, these exclusionary provisions fall into two categories. In the first, an insurer attempts to limit his liability under the policy with respect to the presence of other insurance or to a ceiling on total recovery. In the second, coverage is denied when an insured is riding in or struck by a car owned by a member of the insured's household and which is

not insured by the policy against which the claim is made. While the clause involved in the instant case falls into the latter category, courts have applied the same reasoning to invalidate each type of exclusion.

One of the first cases to consider the effect of a liability-limiting provision under the Uninsured Motorist Act was Harleysville Mutual Casualty Co. v. Blumling, supra. There, the insurer contended that a policy clause rendering any recovery thereunder secondary to "other insurance" precluded any claim by the appellant since he had already received payment under a policy held by his employer, the injuries having occurred while appellant was driving his employer's vehicle. The Supreme Court, noting that it faced a question of first impression, drew heavily upon the experience of other jurisdictions in reaching the conclusion that

"where the loss exceeds the limits of one policy, the insured may proceed under other available policies up to their individual limits or to the amount of actual loss." 429 Pa. at 395-6, 241 A. 2d at 115.

Although Harleysville is frequently cited in support of general principles regarding the purpose and effect of the Uninsured Motorist Act, the court's failure to declare such a liability-limiting clause invalid for any purpose led to some confusion in later decisions. Nationwide Mutual Insurance Co. v. Ealy, 221 Pa. Super. 138, 289 A. 2d 113 (1972), for example, witnessed the Superior Court's approval of a clause which prohibited the cumulation of coverages provided in separate policies held by appellee on five automobiles. The court based its holding on the fact that coverage would still be had even if the clause were given effect.

"Under each policy the insured is given the full protection required by the Act. There is nothing in the policy itself which gives the insured less insurance than the Act requires as there was in (Harleysville)." 221 Pa. Super. at 143, 289 A. 2d at 116. Thus, the critical issue in Ealy was the availablility of the statutorily mandated minimum protection against damages caused by uninsured motorists.

The Ealy decision was later relied upon in Michael v. Aetna Casualty, 6 D. & C. 3d 691 (1978) as support for the position that an insurer may by "clear and express language" prohibit the aggregation of coverage. The Michael court cast its inquiry in terms of the precision or ambiguity of the provision itself. This was in response to the holding in Blocker v. Aetna Casualty and Surety Co., 232 Pa. Super. 111, 332 A. 2d 476 (1975) that when the language of an insurance policy is susceptible to more than one interpretation, it will be construed against the insured and in favor of increased coverage. Hence, the court in Michael considered the clarity of the language in the provisions as determinative of its validity.

This approach was short-lived, however, as the Supreme Court by unanimous decision in State Farm Mutual Insurance Co. v. Williams, 481 Pa. 130, 392 A. 2d 281 (1978) held that even an express exclusion could not limit recovery by an insured under the uninsured motorist provision of a policy. This case involved an attempt by a husband to "stack" the coverage provided by his own policies onto the recovery he had already received under his wife's policy insuring the car in which the accident occurred. The insurer disclaimed liability, contending that recovery was precluded by a "household" exemption substantially similar to the one

considered in the case at bar. The Supreme Court held that the terms of the uninsured motorist statute and its decision in Harleysville, supra, compelled it to overrule Ealy and to declare invalid the policy clause. With specific reference to the types of provisions held void as repugnant to the act, the court stated:

"The language of Harleysville is applicable to the 'household' exclusion in this case, as it was to the 'excess insurance' exclusion in Harleysville." 481 Pa. at 143, 392 A. 2d at 287. Thus, Ealy's consideration of other available minimum insurance and Michael's inquiry into the ambiguity of the policy language were abandoned as criteria for determining the validity of a policy exclusion. Instead such clauses were held per se violative of the Uninsured Motorist Act.

The holding of Williams was limited by the court to those cases where the injured party paid the premiums of the policy and was the named insured, the recovery was limited to actual damages, and the recovery was not limited by statutory exclusions. Two recent Superior Court cases, however, have shown that at least the first condition asserted in Williams would not be enforced to preclude recovery.

In Sones v. Aetna Casualty and Surety Co., 270 Pa. Super. 330, 411 A. 2d 552 (1979), a wife was permitted to stack the uninsured motorist coverage in a policy owned by her husband covering three vehicles, notwithstanding that she had paid none of the premiums for the policy.

Furthermore, in Marchese v. Aetna Casualty and Surety Co., 284 Pa. Super. 579, 426 A. 2d 646 (1981), an employee injured in the course of his

business was allowed to stack the coverages provided under a policy issued to his employer covering 20 dealers plates. Evidence was presented that his employer, and not Marchese, had paid the premiums on the policy but the court met the issue squarely:

"Although the words of Williams state that payment of the premium by an injured party is a requirement, and such requirement was met in Williams, we do not accept that statement as a condition precedent to recovery in all cases." 284 Pa. Super. at 585, 426 A. 2d at 649. Additionally, the court in Marchese found that the listing of employees' names on the policy was sufficient to satisfy the "named insured" requirement of Williams.

Having thus outlined the principles applied by courts when determining coverage in uninsured motorist claims, we proceed to the characterization of the present case. Plaintiff is classsified as an insured under the uninsured motorist provision of her father's policy because she is a relative living in his household. She seeks to stack the coverage provided by that policy onto recovery she had under a policy she owned. The insurer claims that coverage is barred by the "household exclusion" quoted above. Plaintiff is listed on the declarations page as an insured operator but has admittedly paid no premiums on the policy.

Defendant argues that the present action can be distinguished from Williams, despite the obvious similarity of the exclusion relied upon here to the one invalidated in that case. The clause in Williams, it is contended, prohibited *all* recovery, while plaintiff here was covered by her own policy. A careful reading of Williams, however, reveals that

the insured there had already recovered under his wife's policy before he was allowed to "stack" the coverage of his own policy.

Secondly, defendant attempts to distinguish Williams on the ground that plaintiff here bears a different relationship to the insurance policy than was seen in that case. This issue is addressed, as noted above, in Marchese, supra, where it was held that the listing of a person's name on the policy was sufficient compliance with the Williams limitation of coverage to the named insured. We can find no authority, nor does defendant direct our attention to any, that would mandate greater coverage to a named insured than to one insured as a member of the policy owner's household, where a policy offers such protection.

We are the opinion that the issues raised in this action have been decided by the Superior Court in State Farm Mutual Insurance Co. v. Williams, supra. "Household exclusions" such as that invoked by defendant here are repugnant to the legislative intent expressed in the Uninsured Motorist Act and therefore invalid. The ability of insured persons to "stack" the coverage provided by several policies is by now an accepted verity of insurance law. Accordingly we enter the following

ORDER

And now, November 1, 1982, it is hereby ordered, directed and decreed that judgment be rendered in favor of plaintiff Christina Henderson and against Prudential Property and Casualty Insurance Company.