482 A.2d 1051

**GENERAL ACCIDENT INSURANCE COMPANY, Appellant,**

**v.**

**George ST. PETER, John St. Peter, and Colleen Shuttleworth.**

Superior Court of Pennsylvania.

Argued July 12, 1984.

Filed Oct. 5, 1984.

Petition for Allowance of Appeal Denied Jan. 22, 1985.

Roger J. Harrington, Philadelphia, for appellant.

Neal E. Newman, Philadelphia, for Peter, appellees.

Mark C. Jacob, Philadelphia, for Shuttleworth, appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

## OPINION

OLSZEWSKI, Judge:

This is an appeal from an order of the lower court refusing to vacate or modify an arbitration award which allowed stacking of uninsured motorist benefits.[1] For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

On April 6, 1979, Jean Marie Bane was operating an automobile owned by her father, James J. Bane, when she was forced off the road by an unidentified phantom vehicle. This incident caused her to lose control of her automobile and collide broadside with a utility pole.

As a result of the impact, John St. Peter, Colleen Shuttleworth and George St. Peter (appellees), passengers in the Bane's automobile, were seriously injured.[2] All three filed actions claiming uninsured motorist coverage against General Acceptance Insurance Company (appellant), the motor vehicle insurer for the Bane's automobile.

The insurance policy in question was a single policy, covering not only the vehicle damaged in the accident, but also two separate vehicles. The policy provided for a maximum of $30,000 uninsured motorist benefits which would be paid, per vehicle, for any injuries sustained in an accident.[3]

---

1. Our power to review the arbitrator's award is derived from 42 Pa.C.S. Sec. 7302(d)(2). That section provides that an arbitration award which is contrary to law can be modified or corrected by a court of law.

2. A fourth passenger injured in the mishap chose not to participate in any of these proceedings.

3. The subject policy also contained the standard provision approved for use by the Pennsylvania Insurance Commissioner, which specifically provides the following with regard to "persons covered" under the uninsured motorist clause:

Covered persons ... means:

To obtain this coverage, Mr. Banes paid a separate premium for each of his three automobiles.

On November 17, 1982, appellees' uninsured motorist claims proceeded to arbitration pursuant to the arbitration clause contained in the Bane's policy. A majority of the panel of arbitrators, determining that "stacking" of benefits under the three coverages issued was expressly authorized under the provisions of the policy, awarded a total of $90,000 [4] to appellees as follows: (a) John St. Peter—$50,000; (b) George St. Peter—$25,000; and, (c) Colleen Shuttleworth—$15,000.

Appellant, arguing that the arbitrator's decision was contrary to law, filed a petition in the Philadelphia Court of Common Pleas, seeking to vacate or modify the award. That court, per Alfred J. DiBona, J., affirmed the arbitrator's award on the theory that stacking was clearly authorized under the then current case law.[5] This appeal followed in which appellant argues that appellees, as guest passengers, do not possess the requisite contractual relationship with an unrelated insurer to entitle them to the privilege of "stacking".

### I.

Throughout the last two decades, Pennsylvania courts have continually struggled with the issue of whether or not stacking of insurance benefits should be permitted in this Commonwealth. *See Harleysville Mutual Casualty Co. v.*

(1) you or any family member,
(2) any other person occupying your covered auto,
(3) any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1 or 2 above.

**4.** Apparently, the panel awarded the full $30,000 for each of the three vehicles insured. The amount each appellee received was then ascertained by reference to the extent of his or her injury suffered.

**5.** The lower court's decision to allow stacking was based primarily on the case of *Blocker v. Aetna Casualty & Surety Co.*, 232 Pa.Super. 111, 332 A.2d 476 (1975), where a guest passenger involved in an accident was allowed to stack universal motorist benefits under the applicable policy. We note however that *Blocker* was decided long before *Utica Mutual Insurance Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984)—the case our instant holding is premised upon.

*Blumling,* 429 Pa. 389, 241 A.2d 112 (1968) (generally speaking, stacking permitted); *Blocker v. Aetna Casualty & Surety Co.,* 232 Pa.Super. 111, 332 A.2d 476 (1975) (injured passenger allowed to stack under terms of ambiguous policy); *Marchese v. Aetna Casualty & Surety Co.,* 284 Pa.Super. 579, 426 A.2d 646 (1981) (stacking permitted under a "garage policy" of insurance issued by defendant to plaintiff's employer); *but see State Farm Mutual Auto Insurance Co. v. Williams,* 481 Pa. 130, 392 A.2d 281 (1978) (stacking only permitted if claimant can meet certain criteria); *Sones v. Aetna Casualty & Surety Co.,* 270 Pa.Super. 330, 411 A.2d 552 (1979) (special relationship of spouse, to insured justified multiple recoveries); *Provident Insurance Company v. Rosata,* 7 Phila. 478 (1982) (passenger in vehicle not allowed to stack uninsured benefits due to lack of any special contractual relationship to insurer); *Flamine v. General Accident,* 69 Del. 605 (1982) (stacking denied because claimant displayed no reasonable expectation of multiple recoveries from unrelated insurer).

As the cited authority illustrates, our courts have failed to settle upon a set of rules or guidelines which can be consistently and coherently applied in this area of the law. Nonetheless, it seems safe to conclude from the above, that the general trend has favored expanding the concept of stacking, at least where the claimant either: (1) has paid the actual insurance premiums, or (2) stands in a special relationship to that of the insured. *See State Farm Mutual Insurance Co. v. Williams, supra; Sones v. Aetna Casualty & Surety Insurance Co., supra.*

Recently however our Supreme Court has deviated from this general course by limiting the "class" of claimants that are entitled to this extremely advantageous privilege of stacking. *Utica Mutual Insurance Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984).

The facts in *Utica* indicate that decedent, an employee operating a vehicle insured under a fleet policy by his employer, was killed when struck by another vehicle driven by an uninsured motorist. The executor of decedent's

estate filed a claim with the employer's insurer in which he sought to stack uninsured benefits under all 15 vehicles covered under the employer's policy.

In a well written opinion, our high court, after carefully categorizing claimants into one of three uninsured motorist classes,[6] held that decedent, a person who was insured only because of his "temporary status as occupant of a vehicle insured by another", was a class II claimant not entitled to stack coverage.

In disallowing the multiple recovery, the court reasoned that a claimant who falls within a class that has not paid premiums and has not been specifically mentioned as an intended beneficiary under a policy, has no recognizable contractual relationship with the insurer, and therefore no reasonable expectation of multiple recoveries.[7]

Here, appellees, as passengers in the Bane's automobile, did not pay premiums and were not specifically mentioned as intended beneficiaries under the Bane's policy. They therefore fell within the category of "class II" claimants designated under the principles set forth in *Utica*. Being class II claimants, their "temporary status" as passengers of the vehicle, together with their lack of contractual relationship with General Acceptance (appellant), deprived them of any right to stack the uninsured motorist benefits applicable to Mr. Bane's other two vehicles. *See Utica Mutual Insurance Co. v. Contrisciane, supra.*[8]

---

6. In *Utica*, the court derived the 3 classes of uninsured motorist claimants from the particular provisions of the insured's policy. That provision, which has become almost standard throughout the insurance industry and was strikingly similar to the provision in the instant case (see footnote 3), provided that uninsured benefits were payable to, "... (a) the named insured and any designated insured (class I); (b) any other person while occupying an insured highway vehicle (class II), and (c) any person with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under (a) or (b) above (class III).

7. The court was careful to point out that stacking is not precluded in all situations. To the contrary, the court's holding in *Utica* merely limits stacking in one specific, but broad category—that is, where the claimant's status is classified as temporary and he or she has no recognizable contractual relationship with that of the insurer.

8. Indeed, other jurisdictions have refused to allow passengers the right to stack such benefits. *See*, for example, *Lambert v. Liberty Mutual Insurance Company*,

Appellees attempt to distinguish *Utica* by arguing that there stacking was sought under a commercial fleet policy, whereas here, stacking is sought under a private individual's policy. We do not find this technical distinction persuasive. Furthermore, we do not think that our Supreme Court would have any difficulty in rejecting this distinction when in both instances there is just no recognizable contractual relationship with the insurer which entitles a mere passenger or a mere occupant of a vehicle, to a reasonable expectation of multiple recoveries.[9]

Based upon the above, we therefore hold that the lower court erred in allowing appellees to stack the uninsured benefits under the Bane's policy.[10]

## II.

Before concluding, we want to emphasize that we are not unmindful of the tendency of our courts to expand the concept of stacking in order to allow increasingly liberal rights of recoveries under the Uninsured Motorist Act. Nonetheless, to permit appellees to stack coverage in this case would be to disregard altogether the *Utica* requirement that a claimant stand in some sort of contractual relationship to the multiple coverages whose benefits are being sought. This we decline to do.

In light of the above, the order of the lower court is hereby reversed, and the matter remanded for further proceedings, consistent with this opinion, to determine the

331 So.2d 260 (Ala.1976) (passenger injured in third party vehicle not allowed to stack uninsured benefits).

**9.** Similarly, appellees contend that *Utica* should be limited exclusively to situations when the claimant is categorized as an "occupant" of a third party vehicle. In this respect, appellees argue that "occupants" and "passengers" of third party vehicles are two completely different categories of individuals that should be treated accordingly. We reject this argument because we feel that "occupants" and "passengers" are synonymous and interchangeable terms.

**10.** Our research has also revealed that several other jurisdictions have denied stacking in situations very similar to the case at bar. For example, *see Lambert v. Liberty Mutual Insurance Co.,* 331 So.2d 260 (Ala.1976) (passenger not allowed to stack); *Cunningham v. Insurance Company of North America, et al,* 213 Va. 72, 189 S.E.2d 832 (1972) (police officer not allowed to stack uninsured benefits under city's fleet policy). We find the logic and reasoning behind these cases to be very impressive.

extent of uninsured motorist coverage benefits owed to each appellee.

Order reversed and case remanded; jurisdiction is relinquished.

WIEAND, J., concurs in the result.