489 A.2d 914

**John J. DRUSAK**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1984.

Filed March 8, 1985.

Stephen R. Mlinac, Pittsburgh, for appellant.

Samuel R. DiFrancesco, Jr., Johnstown, for appellee.

Before ROWLEY, OLSZEWSKI and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from a judgment of the Court of Common Pleas of Cambria County by Insurance Company of North America (INA), appellant. The lower court granted summary judgment in favor of John Drusak, appellee, in the amount of $15,000. Upon praecipe, judgment was entered. This appeal followed, and we affirm.

■ This case presents a novel issue: Whether a victim can recover uninsured motorist benefits under the Pennsylvania Assigned Claims Plan even though he has recovered such benefits under his son's insurance policy. We hold that when a victim has not been afforded "basic loss" damages through another source, he may recover from an Assigned Claims Plan insurer who is required to provide him with uninsured motorist benefits as a direct consequence of its obligation to provide him with "basic loss" coverage.

The lower court found the following facts which gave rise to the instant controversy. On the evening of September 15, 1980, appellee, a pedestrian, was crossing a street when he was struck and critically injured by Blake Cameron who was operating a motorcycle. Cameron was uninsured. Appellee resided in the same household with his son, who was

insured by State Farm Mutual Automobile Insurance Company (State Farm) under the terms of a vehicle liability policy for a motorcycle. The State Farm policy was the only policy under which appellee could claim benefits. State Farm paid appellee $15,000 which was its maximum liability under the uninsured motorist provisions of its policy with appellee's son. Appellee thereafter presented a claim through the Assigned Claims Plan to INA who was assigned his claim. INA has made basic loss payments to appellee. The only remaining claim which appellee sought in the lower court was an additional uninsured motorist benefit through the Assigned Claims Plan, or specifically from INA, which INA refused to pay.

Appellant argues, *inter alia*, that appellee is an "insured" under the No-Fault Act through his son's policy and, therefore, he has no right of recovery from the designated agent under the Assigned Claims Plan.

The Pennsylvania No-Fault Act allows recovery under the Assigned Claims Plan if "basic loss" insurance is not applicable or is unavailable. 40 P.S. 1009.108(a)(1).[1] Appellee was able to recover benefits from State Farm by virtue of 40 P.S. 1009.103[2] which provides that "insured" shall be defined to include:

> (B) a spouse *or other relative of a named insured*, a minor in the custody of a named insured, and a minor in the custody of a relative of a named insured if—
>
> .  .  .  .  .
>
> (ii) *in residence in the same household with a named insured.*

(Emphasis added)

Therefore, as appellant argues, appellee is, indeed, an "insured"; however, such status does not necessarily deprive him of coverage under the Assigned Claims Plan since by so satisfying the definition of "insured" he does not thereby ensure recovery of "basic loss" benefits. Indeed in the

1.  1974, July 19, P.L. 489, No. 176, Art. I, § 108, eff. in twelve months.
2.  1974, July 19, P.L. 489, No. 176, Art. I, § 103, eff. in twelve months.

instant case, *no* insurer other than INA was obligated to provide basic loss payments to appellee. State Farm merely paid uninsured motorist benefits. Therefore, "basic loss" benefits were unavailable to appellee. Accordingly, appellee properly sought recovery of "basic loss" benefits under the Assigned Claims Plan even though he had previously collected uninsured motorist benefits under his son's plan. The question remains whether he is entitled to additional uninsured motorist benefits from INA.

The Uninsured Motorist Act is a separate and distinct statute from the No-Fault Act. 40 P.S. 2000, *et seq.; see Brader v. Nationwide Mut. Ins. Co.,* 270 Pa.Super. 258, 411 A.2d 516 (1979).

> The purpose of the Uninsured Motorist Law is to provide protection to innocent victims of irresponsible drivers.... [N]owhere, explicitly or implicitly, does the Act place a limit on the total amount a victim may recover if he suffers a loss resulting from the negligence of an uninsured motorist.

*Harleysville M. Cas. Co. v. Blumling,* 429 Pa. 389, 396, 241 A.2d 112, 115 (1968).

Our Supreme Court has expanded the recovery available to one who collects under the Assigned Claims Plan by mandating that a company (insurer) designated to provide insurance coverage pursuant to the Assigned Claims Plan is not only required to provide "basic loss" benefits but also "uninsured motorist benefits." 40 P.S. 1009.108(a)(1), *Tubner v. State Farm Mutual Automobile Ins. Co.,* 496 Pa. 215, 436 A.2d 621 (1981), *Prudential Prop. and Cas. Ins. Co. v. Falligan,* 335 Pa.Super. 195, 484 A.2d 88 (1984).

> Under Section 108(b), [40 P.S. 1009.108(b)], insurers are assigned to compensate motor vehicle accident victims for whom insurance is not carried *as if* a policy of basic loss insurance had been issued ....
>
> [B]ecause *every* policy of basic loss insurance issued in Pennsylvania *must include uninsured motorist coverage* the right to uninsured motorist benefits under the Assigned Claims Plan follows *a fortiori* from a straight-

forward reading of the statute and the regulations promulgated thereunder.

*Tubner,* 496 Pa. at 217–20, 436 A.2d at 622–623.

Moreover, where an insured attempts to recover uninsured motorist benefits under more than one policy

... where the loss exceeds the limits of one policy, the insured may proceed under other available policies up to their individual limits or to the amount of the actual loss.

*State Farm Mut. Auto Ins. Co. v. Williams,* 481 Pa. 130, 140–41, 392 A.2d 281, 286 (1978), *quoting from Pattani v. Keystone Ins. Co.,* 426 Pa. 332, 231 A.2d 402 (1967).

The insured may recover uninsured motorist benefits:
1. If the injured party paid the premiums of the policy and was the named insured; and
2. If the recovery under the second uninsured motorist coverage was limited to actual damages; and
3. If the recovery is not limited by the statutory exclusions.

*State Farm v. Williams,* 481 Pa. at 142–43, 392 A.2d at 287. The Court in *Williams* held that the uninsured motorist statute mandates a floor of minimum protection and that while the

legislature has permitted enhancement of that minimum protection, ... we believe the statute does not permit a dimunition of the protection below the statutory limits.

*State Farm v. Williams,* 481 Pa. at 139, 392 A.2d at 285. *See also Sones v. Aetna,* 270 Pa.Super. 330, 411 A.2d 552 (1979) where it was held that a liability-limiting provision in a policy, the effect of which was to preclude the injured person from pyramiding separate uninsured motorist coverages is in derogation of the Act and *Utica v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984) which held that stacking is justified in that it (1) furthers the policy of the legislature and because (2) the intended beneficiary of an uninsured motorist policy is entitled to multiple coverage when multiple premiums are paid. The court in *Utica* expanded the *Williams* holding in that the beneficiary of the policy

provision need not have paid premiums but must simply have been a "specifically intended beneficiary" entitled to "Class One" coverage with a "recognizable contractual relationship" with the insurer. *Flamini v. Gen. Acc. Fire & Life Assurance,* 328 Pa.Super. 406, 477 A.2d 508 (1984), *Providence Washington Ins. Co. v. Rosato,* 328 Pa.Super. 290, 476 A.2d 1334 (1983); *Saunders v. State Farm,* 294 Pa.Super. 424, 440 A.2d 538 (1982).

> The Uninsured Motorist Act allegedly insures that innocent victims recover the damages they would have received had the uninsured tortfeasor maintained liability insurance .... Stacking allows the injured insured to obtain the full benefit of all coverage paid for in premiums.

*Estate of Rosato v. Harleysville Mutual Insurance,* 328 Pa.Super. 278, 283, 476 A.2d 1328, 1330–31 (1984).

It should also be noted that 40 P.S. 1009.103 [3] provides that "basic loss" shall be defined to exclude benefits for net loss sustained by an *operator* or *passenger* of a motorcycle.

> Since the definition of basic loss benefits in Section 103 of the No-fault Act specifically excludes "net loss sustained by an operator or passenger of a motorcycle," *but does not mention a victim injured by a motorcycle,* it must be assumed that such a victim can recover no-fault benefits under sections 201 and 202 of the Act.
>
> Although Section 204 of the Act seems to relegate a claimant to the assigned claims plan only as a last resort, and clearly provides that the security for the payment of basic loss benefits to "an insured is the security under which the victim or deceased victim is insured," [53] the regulation entitled "Motorcycles" requires that where the victim is not himself an insured under a no-fault policy, *"basic loss benefits coverage for pedestrians and other persons eligible to receive basic loss benefits pursuant to the Act shall be provided through the Assigned Claims Plan".*[54]

[53] Section 204(a)(2)
[54] 31 Pa.Code § 66.3(b)(2)

**3.** *Id.*

Shrager, David, The Pennsylvania No-Fault Motor Vehicle Insurance Act (1979), § 2:5.6.2, p. 205.

INA has honored appellee's claims for basic loss benefits but since it has refused to pay uninsured motorist benefits, which was its obligation, we affirm the judgment of the lower court.

Judgment affirmed.