385 A.2d 1025

**COMMONWEALTH of Pennsylvania**

v.

**Arthur E. LEE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 10, 1976.

Decided April 28, 1978.

Francis P. Burns, Assistant Public Defender, Wilkes-Barre, for appellant.

Thomas J. Glenn, Jr., Assistant District Attorney, and Patrick J. Toole, Jr., District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant was originally arrested on June 14, 1974, on charges of burglary and theft by unlawful taking. On January 23, 1975, appellant was placed on an ARD program for a period of three years. On May 5, 1976, appellant was declared a fugitive. His ARD was revoked and he was ordered to stand trial on the above charges. On June 3, 1976 appellant entered a guilty plea to the charge of burglary. The charge of theft by unlawful taking was nolle prossed. Appellant was sentenced on the same day to a term of 11 to 23 months. Appellant later petitioned to withdraw his guilty plea. The lower court denied the petition without a hearing.

Appellant advances two arguments in this appeal; (1) his sentence was excessive; and (2) he should have been permitted to withdraw his guilty plea based on a defective colloquy.

The appellant contends that the lower court imposed an excessive sentence, and that the court did not have the benefit of a pre-sentence report. The sentencing occurred before the implementation of amended Pa.R.Crim.P. 1403 which requires a pre-sentence report. As an appellate court, we should not disturb a sentence unless it is either manifestly excessive or it exceeds statutory limits. The sentence is within the statutory limits, and it was not excessive in light of the fact that appellant had left the jurisdiction, and other criminal charges were pending against him.

Appellant further argues that his guilty plea colloquy was deficient in that he was not advised of his rights concerning the following: the selection of a jury, the elements of the crime, that a jury verdict must be unanimous, possible defenses available, and consequences of the plea. The Commonwealth does not dispute these deficiencies. In light of Commonwealth v. Ingram, 455 Pa. 198, 316 A.2d 77 (1974), the colloquy preceding appellant's guilty plea was defective, and therefore the guilty plea was not voluntary.

The judgment of sentence is reversed. The appellant is granted leave to withdraw his guilty plea, and the case is remanded for trial.

SPAETH, J., concurs in the result.

PRICE and VAN der VOORT, JJ., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision in this case.