419 A.2d 159

**Ronald AMARADIO and Joanne Amaradio, Individually and on behalf of all other persons similarly situated, Appellants,**

**v.**

**TRAVELERS INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 22, 1979.

Filed March 21, 1980.

190

Gordon Gelfond, Philadelphia, submitted a brief on behalf of appellants.

Francis E. Marshall, Philadelphia, for appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County, Civil Division, by the plaintiff–appellants, Ronald Amaradio and Joanne Amaradio, et al., which granted the appellee–defendant's, Traveler's Insurance Company's, motion for judgment on the pleadings.

Plaintiffs–appellants brought a class action against their insurance carrier charging it with refusing to reimburse them for medical expenses under the medical payments section of their automobile insurance policy contrary to the mandates of *Johnson v. Nationwide Insurance Company*, 220 Pa.Super. 793, 286 A.2d 448 (1971).

On October 10, 1968, the plaintiffs, husband and wife, were insured by a policy of automobile liability insurance issued by the defendant. The insurance policy insured plaintiffs for medical payments coverage and for uninsured motorist protection. On the above date, while so insured, both plaintiffs were injured in an automobile accident with an uninsured motorist. The plaintiffs then demanded an arbitration hearing with regard to their uninsured motorist coverage as provided by the insurance policy. The arbitration hearing was held and on July 8, 1969, the arbitrator awarded wife–plaintiff the sum of $2500.00 and husband–

plaintiff the sum of $7500.00 for the injuries suffered during the accident. These awards were paid by the defendant to the plaintiffs.

On February 13, 1973, the plaintiffs commenced an action in assumpsit against the defendant alleging that they were entitled to recover for their injuries under the medical payments section of the insurance policy, as well as, the uninsured motorist section. The action was maintained as a class action. The defendant answered the complaint of the plaintiffs and in new matter alleged that the plaintiffs had recovered all that they were entitled to recover under the insurance policy. Subsequently, the court below granted defendant's Motion for Judgment on the Pleadings and dismissed the plaintiffs' complaint citing the case of *Goldberg v. Transamerica Ins. Co.*, a case raising the identical question raised herein. In *Goldberg*, supra, the trial court dismissed plaintiffs' complaint reasoning that the insurance policy provided that "the matter or matters upon which such person [the insured] and the company [insurance carrier] do not agree shall be settled by arbitration." *Goldberg*, was affirmed, per curiam, by this Court, 245 Pa.Super. 627, 372 A.2d 437 (1977), and allocatur was denied by the Supreme Court. After the court below granted the defendant's Motion for Judgment on the Pleadings, the plaintiffs took this appeal.

Plaintiffs' position is that the mandatory arbitration provision of the insurance policy contract applies only to the uninsured motorist provision of the policy and not to the medical payments provision of the contract and that therefore the court below should not have granted the defendant's Motion for Judgment of the Pleadings.

The insurance policy attached to and made a part of the plaintiffs' Complaint in Assumpsit contained the following provision:

"PARTS I AND II–The limits for Coverage C and D are each in addition to the limit of liability for Coverage A, but if claim for medical expense is made under Coverage C and claim for the same expense is made under Coverage

D, the company shall not be obligated to pay such expense more than once."

It is uncontested that the arbitration awards paid by defendant to plaintiffs fully reimbursed them for all expenses, losses and damages which they suffered during the automobile accident. Plaintiffs claim that since they have paid a premium for both medical payments coverage and uninsured motorist coverage that they should recover under both clauses in their policy.

Part 4 under Conditions of the Insurance Policy makes it clear that if a claim is made for medical expenses under the medical payments clause of the contract *and* a claim for the same expense is also made under the uninsured motorist clause that the carrier shall be obligated to pay such expenses under only one of the clauses and not under both. It is clear, therefor, that the plaintiffs have no statutory right to a windfall double recovery under both clauses of the insurance contract. Plaintiffs have been paid all of the damages to which they are entitled and this is clear from the pleadings before the court. Plaintiffs' reliance on *Johnson v. Nationwide Insurance Co.,* supra, is misplaced. That case involved a lower court decision which was affirmed, per curiam, by this Court (*Johnson v. Nationwide Insurance Co.,* 61 Pa.D. & C.2d 514 (1971)). It should be noted that the decision was *not* affirmed on the opinion of the court below and this Court did not, in any way, adopt the lower court's reasoning as its own. In deciding *Johnson,* supra, the lower court relied on the case of *Harleysville Mutual Casualty Co. v. Blumling,* 429 Pa. 389, 241 A.2d 112 (1968) which held that even though an employee who was injured in an automobile accident had recovered the limit of the uninsured motorist provision of his employer's insurance policy, that he was not precluded recovery from the uninsured motorist provision of his own insurance policy in a case where he was injured by an uninsured driver while he was operating his employer's vehicle *and where he had suffered damages in excess of the amount recovered under either or both policies.*

In our case the plaintiffs have recovered the entire amount of their damages. This fact distinguishes the instant case from *Blumling*, supra, upon which *Johnson*, supra, is based. The intent of *40 P.S. 2000*, the so-called uninsured motorist law, was to protect people from the irresponsibility of operators of motor vehicles who cause injury to others but who carry no insurance. *Blumling*, supra. Its purpose was not to enrich persons who have fully recovered monetarily from an accident but who seek to obtain windfall profits from their own insurance carrier.

For the above reasons based on the merits of the case, we hold that the court below was correct in granting judgment on the pleadings and dismissing the complaint.

Order affirmed.

CERCONE, President Judge, concurs in the result.