419 A.2d 161
**COMMONWEALTH of Pennsylvania**
v.
**Bennie GOLDBARD, Appellant.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Filed March 21, 1980.

Jay A. Hurvitz, Doylestown, for appellant.

Steven J. Cooperstein, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the Court of Common Pleas, Trial Division, Criminal Section, of Philadelphia County, by the defendant–appellant, Bennie Goldbard, after conviction, non–jury, of bribery and conspiracy. The defendant was sentenced to concurrent terms of imprisonment of six (6) to twelve (12) months on each charge. On appeal, defendant claims that the evidence produced at his trial was insufficient to convict him of bribery or conspiracy and that his sentence was excessive.

The evidence produced at trial established that on February 10, 1977, the Westmoreland Coal Company purchased an airplane from Don F. Love and Associates of Clinton, Iowa. Philip Weinstock, the tax manager of Westmoreland Coal Company, decided that a tax return had to be filed with the Commonwealth of Pennsylvania as a result of this transaction. On February 14, 1977, Weinstock called the defendant, a Field Investigator for the Pennsylvania Sale and Use Tax Department, in order to get the proper tax forms. The forms were then delivered to the defendant.

On February 28, 1977 defendant and a William Weselyk a co-defendant, who was also a Field Investigator for the Tax Department, went to Westmoreland's Philadelphia offices and met with Weinstock. Weinstock had determined that his employer's tax liability was $31,500 on the purchase of the aircraft. Weselyk then told Weinstock that he could arrange for the company to pay only one-half its tax liability and that Weselyk, the defendant, and the company would split the other one-half of the tax, the company receiving one-half and defendant and Weselyk receiving $8,000 total. Weinstock told the defendants that he would have to consult with higher authorities in the company. Defendant left his phone number with Weinstock.

Weinstock reported the incident to his superior and then both reported the matter to the Justice Department. A meeting was arranged between Weinstock, his superior, Weselyk and the defendant for March 7, 1977. Defendant told Weinstock to have $8,000 in cash ready at the meeting. At the meeting, defendant and Weselyk proposed a new deal whereby they would receive $10,000 total and nothing would be paid to the Commonwealth. Weselyk told Weinstock and his superior that he could arrange to destroy the appropriate records to prevent future inquiry into the transaction. He then directed Weinstock's superior to give defendant the $8,000 and to have $2,000 more for defendant in cash for the following day. As defendant and Weselyk left the meeting they were arrested by law enforcement officials. Defendant had the $8,000 in his possession at the time.

Defendant's first contention is that the evidence adduced at his trial was insufficient to convict him of the crime of bribery because in order to sustain a conviction on such a charge it must be proven that defendant violated a legal duty which, defendant claims, the Commonwealth failed to do because it failed to prove at trial that Westmoreland Coal Company had a duty to pay the tax. Thus, defendant claims he should have been charged with extortion or theft by deception and not with bribery. The Crime of Bribery is defined in *18 Pa.C.S.A. § 4701* as follows:

"Bribery in Official and Political Matters.

(a) Offenses defined.—A person is guilty of bribery, a felony of the third degree, if he offers, confers or agrees to confer upon another, or solicits, accepts or agrees to accept from another;

(1) any pecuniary benefit as consideration for the decision, opinion, recommendation, vote or other exercise of discretion as a public servant, party official or voter by the recipient;

(2) any benefit as consideration for the decision, vote, recommendation or other exercise of official discretion by the recipient in a judicial, administrative or legislative proceeding; or

(3) any benefit as consideration for a violation of a known legal duty as public servant or party official."

Therefore, in order for defendant to have been found guilty of the offense it has to be proven at trial that he was: (1) a public servant; (2) solicited or agreed to accept money or other benefit; and (3) in order to violate or forego the exercise of a legal duty or other exercise of discretion. Defendant's position as a Field Investigator for The Pennsylvania Department of Sales and Use Tax was proven at trial and therefore established that he was a public servant. His solicitation and receipt of the $8,000 in United States currency from Westmoreland Coal Company clearly established that he received a benefit as consideration for his acts as a public servant. The legal duty which he violated was his legal duty to investigate possible tax liabilities due the Commonwealth of Pennsylvania, his duty to collect taxes due the Commonwealth, his duty not to use his position to defraud taxpayers of the Commonwealth, his duty not to agree to destroy records of the Commonwealth, and his duty to advise taxpayers to take the appropriate and lawful actions regarding their tax liability. Whether or not Westmoreland owed the tax or not is not determinative of the issue as to whether defendant violated a legal duty because if Westmoreland did *not* owe any tax then defendant had the legal duty to advise it of that fact and if Westmoreland *did* owe the tax then defendant violated a legal duty to

collect that tax. Whether or not the tax was owed, the defendant violated the legal duties of his position as a public servant in taking the action he did. Therefore, it was not necessary for the Commonwealth to prove at trial that Westmoreland owed the tax.

■ Defendant's second contention is that his conspiracy conviction must fall because the evidence was insufficient to convict him of bribery. The evidence demonstrates that he acted in concert with Weselyk to obtain consideration from Westmoreland Coal Company and the defendant does not deny this fact. His sole contention is that he cannot be found guilty of conspiracy to commit bribery because it was not shown that he violated a legal duty to collect the tax. Because we have determined that the Commonwealth did prove that defendant violated a legal duty, as discussed above, we also hold that sufficient evidence was produced at trial to find that he also committed the crime of conspiracy since he acted in concert with the co-defendant in furthering the unlawful act. Thus, we also reject defendant's second contention.

■ Defendant also argues that the character testimony he offered at trial as to defendant's good character established a reasonable doubt of his guilt as a matter of law. This claim is baseless as it is within the province of the fact-finder to determine the weight to be accorded to the evidence produced at trial. *Commonwealth v. Duncan*, 473 Pa. 62, 373 A.2d 1051 (1977). Since the Commonwealth produced sufficient evidence at trial to prove defendant's guilt beyond a reasonable doubt we hold that the fact-finder committed no error in finding as it did.

■ Defendant's final contention is that the court below erred when it imposed two concurrent sentences of six to twelve (6 to 12) months in prison on the defendant. Defendant claims that because he is over sixty (60) years of age, is active in civic affairs, had no prior criminal record, did not commit a crime of violence, is a good family man and because there is little likelihood that he would be involved in further criminal activity that he should have been granted probation. At sentencing the trial court made it clear that

it felt that the crime required a term of imprisonment because it involved a breach of a public trust. The court indicated that it imposed a light prison term because of the defendant's age, prior history, and state of health. It is apparent, therefore, that the court did weigh the relevant factors at sentencing. At least two factors are crucial to the determination of the sentence to be imposed on a defendant including: (1) the particular circumstances of the offense; and (2) the character of the defendant. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). From a review of the record of the case it is clear that the court below gave proper consideration to both of these factors as discussed above. Unless a sentence is manifestly excessive or exceeds statutory limits it will not be reversed on appeal. *Commonwealth v. Lee*, 254 Pa.Super. 291, 385 A.2d 1025 (1978); *Commonwealth v. Hill*, 237 Pa.Super. 543, 353 A.2d 870 (1975). The crime of bribery, being a felony of the third degree, carries a maximum possible sentence of seven (7) years. *18 Pa.C.S.A. § 1103(3)*. Since the sentence imposed on the defendant did not exceed statutory limits and because we find that it was not manifestly excessive in light of the seriousness of the crime we hold that the court below did not err when it imposed the sentence it did.

Judgment of sentence affirmed.