## Harper v. Preferred Risk Mutual Insurance Company

*James D. Rosen*, for plaintiff.
*Michael J. Pepe, Jr.*, for defendant.

GUARINO, *J.*, May 15, 1981—This matter comes before us on defendant's motion for reconsideration of our earlier ruling denying its motion for summary judgment, 3 PICO 276 (C.P. Phila. 1978), in the light of a recent clarification announced in Amaradio v. Travelers Insurance Co., 276 Pa. Superior Ct. 189, 419 A. 2d 159 (1980).

It is appropriate that we accept this motion and reconsider our earlier decision. A summary judgment procedure, Pa.R.C.P. 1035, was introduced into practice for the purpose of avoiding a useless trial when there is no issue of fact to be determined and the controversy can be resolved as a matter of law. See 2 Goodrich-Amram 2d §1035.1. The procedure is beneficial: it speeds up the resolution of controversies, reduces the caselog jam, and fosters judicial economy. It is to advance this cause that we accept this renewed challenge.

Briefly, the facts are as follows: plaintiff is insured by defendant. As a result of an automobile accident with an uninsured motorist, plaintiff sustained personal injuries and incurred medical expenses in the sum of $2,775.05. In an arbitration action brought against defendant insurer pursuant to the uninsured motorist clause of the policy, plaintiff was awarded the sum of $6,750, "exclusive of medical coverage." The limit of recovery under this provision of the policy was $10,000.* The award has been paid in full.

On April 12, 1978 plaintiff filed the present action in assumpsit under the medical provision of the policy to recover his medical expenses. Defendant denies that any sum is due. Defendant points out that the policy specifically bars recovery:

"No payment shall be made under Part II (medical coverage) unless the person, or his guardian to, or for whom such payment is made, shall have executed a written agreement that the amount of such payment shall be applied . . . (2) toward the settlement of any claim or the satisfaction of any award entered in his favor under the Uninsured

---

*This amount was fixed by statute, then in effect, 75 P.S. §1421. Now, the amount is $15,000.

Motorist coverage of this or any other policy of this company."

In our earlier decision, we construed this provision of the policy to be invalid as an impermissible attempt to impair the allowable recovery mandated by the Uninsured Motorist Act of August 14, 1963, P.L. 909, as amended, 40 P.S. §2000. Indeed, we do not back off from our stated position: the amount recoverable under the Uninsured Motorist Act cannot be impaired or diminished by the policy or the insurance commissioner. Benefits afforded to an insured are to be paid in the full amount of an award or settlement. Any provision in the policy or regulation of the insurance commission to the contrary is repugnant to the act: Harleysville Mutual Casualty Co. v. Blumling, 429 Pa 389, 241 A. 2d 112 (1968); Johnson v. Nationwide Mutual Insurance Co., 61 D. & C. 2d 514 (1971), aff'd per curiam, 220 Pa. Superior Ct. 793, 286 A. 2d 448 (1972).

A reading of Amaradio requires us to rethink our analysis. We agree with defendant that the set-off clause does not diminish the amount of the award and is not therefore repugnant to the expressed policy of the Uninsured Motorist Act, and that it operates to defeat this second claim for medical expenses; Amaradio v. Travelers Insurance Co., supra, controls. In that case, defendant insurance carrier paid to each of plaintiffs, the insureds, the $10,000 awarded by the arbitrator pursuant to plaintiffs' claim under the uninsured motorist provision of the policy. It was ". . . uncontested that the arbitration awards . . . fully reimbursed them for all expenses, losses and damages which they suffered during the automobile accident." Id., 276 Pa. Superior Ct. at 192, 419 A. 2d at 161. Thereafter, on the basis that they had paid an addi-

tional premium for medical coverage, plaintiff commenced a class action to recover medical payments. To defeat the claim, defendant insurer interposed the following clause:

"PARTS I AND II—The limits for Coverage C and D are each in addition to the limit of liability for Coverage A, but if claim for medical expense is made under Coverage C and claim for the same expense is made under Coverage D, the company shall not be obligated to pay such expense more than once."

In rejecting plaintiffs' claim, the Amaradio court stated at 276 Pa. Superior Ct. 193, 419 A. 2d 161:

*"In our case the plaintiffs have recovered the entire amount of their damages.* This fact distinguishes the instant case from Blumling, supra, upon which Johnson, supra, is based. The intent of 40 P.S. 2000, the so-called uninsured motorist law, was to protect people from the irresponsibility of operators of motor vehicles who cause injury to others but who carry no insurance. Blumling, supra. Its purpose was not to enrich *persons who have fully recovered monetarily from an accident but who seek to obtain windfall profits from their own insurance carrier."* (Emphasis supplied.)

Briefly, the law that emerges from the cases cited is that an insured, injured in excess of the amount recoverable under the uninsured provision of his policy, may proceed against other available insurances until his losses have been fully recovered. Where, however, the insured has recovered all his damages under the uninsured motorist coverage clause, he cannot recover the same losses against the same carrier, where the contract of insurance forbids it. Such a clause would be valid and en-

forceable. It is only where a policy clause has the unavoidable effect of reducing the amount recoverable under the uninsured motorist coverage that it would be void as contrary to public policy: Harleysville Mutual Casualty Co. v. Blumling, supra; Brader v. Nationwide Mutual Ins. Co., 270 Pa. Superior Ct. 258, 411 A. 2d 516 (1979); Johnson v. Nationwide Mutual Ins. Co., supra.

Plaintiff contends that this case requires a different ruling than Amaradio since it is factually distinguishable. He argues that unlike the Amaradio situation where it was undisputed that plaintiff was fully compensated for all losses, here the award itself, labeled "exclusive of medical coverage," indicates that plaintiff was not fully compensated for all losses. This argument is not substantiated by the record and does not withstand analysis.

An arbitration proceeding is the parties' substitute for a tribunal that is provided by the law. See Harleysville Mutual Casualty Co. v. Adair, 421 Pa. 141, 218 A. 2d 791 (1966); J. Purdy Cope Hotels Co. v. Liverpool & London & Globe Ins. Co., 18 D. & C. 712 (1932). In arbitration, as in a trial, the claimant is required to prove his claim. The arbitrators must of necessity consider the special damages incurred by him and arrive at a figure which encompasses them. Medical expenses are special damages that are considered and computed in the amount of an award. The arbitration award has the legal effect and attributes of a final judgment: 42 Pa.C.S.A. §7362; see International Brotherhood Of Firemen And Oilers, AFL-CIO Local 1201 v. School District of Philadelphia, 465 Pa. 356, 350 A. 2d 804 (1976); Runewicz v. Keystone Insurance Co., 476 Pa. 456, 383 A. 2d 189 (1978). Like it, an arbitration award cannot be collaterally attacked. A second proceed-

ing, to recover that which the arbitrators decided or necessarily had to decide in arriving at the award, cannot be subsequently initiated. Between the same parties these matters or claims are res judicata. See Del Boring Tire Service, Inc. v. Barr Machine Inc., _____ Pa. Superior Ct. _____, 426 A. 2d 1143, 1145 (1981).

Thus, the phrase appended to the award that the amount of the award was to be "exclusive of medical coverage" cannot have the meaning assigned by plaintiff that the award did not include the medical expenses, or that the medical expenses are to be compensated under the medical coverage provision of the insurance policy. Such an interpretation is absurd; it is a contradiction in terms in that it flies in the teeth of the legal meaning and effect of an arbitration award. At its very best, the phrase is a gratuitous, conciliatory sop, i.e., maybe you can get an additional amount under the medical coverage clause of the policy. If on the other hand, the phrase is to be interpreted as awarding an additional amount to plaintiff equal to the medical expenses, then the arbitrators exceeded their authority. The question of whether plaintiff would be entitled to recover under the medical coverage provision of the policy was not within the jurisdictional competence of the arbitrators. In fact, the policy specifically prohibits a double dip recovery. Indeed, if there was error in the award and the error fell within one of the enumerated errors cited in the Uniform Arbitration Act, 42 Pa.C.S.A. §7362, plaintiff should have filed a motion to vacate the award, as provided by the act: Ibid. The award, however, may not be collaterally attacked.

Since the facts in this case show that plaintiff has been paid the amount of medical expenses, and

since as a matter of fact and law plaintiff is not entitled to double recovery, we reverse our earlier decision and grant defendant a summary judgment. For, where it is clear that there is no genuine issue of fact and that as a matter of law plaintiff cannot recover, a summary judgment lies: Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 412 A. 2d 466 (1979); Eckborg v. Hyde-Murphy Co., 442 Pa. 283, 276 A. 2d 513 (1971); Hankin v. Mintz, 276 Pa. Superior Ct. 538, 419 A. 2d 588 (1980); Prince v. Paroni, 225 Pa. Superior Ct. 286, 302 A. 2d 452 (1973); Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Superior Ct. 198, 280 A. 2d 570 (1971).

Accordingly, we enter the following

## ORDER

And now, May 15, 1981, it is ordered and decreed that defendant's motion for summary judgment is granted and a summary judgment is entered in favor of defendant.