440 A.2d 538

**Barbara SAUNDERS**

v.

**STATE FARM INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued June 24, 1981.

Filed Jan. 19, 1982.

Petition for Allowance of Appeal Granted June 1, 1982.

Alan Dion, Philadelphia, for appellant.

Richard C. Angino, Harrisburg, for appellee.

Before HESTER, CAVANAUGH and DiSALLE,* JJ.

CAVANAUGH, Judge:

The sole issue for our determination in this case may be stated as follows: Where an insured has received reimbursement for all of his medical expenses and lost earnings under the personal injury protection coverage contained in his no-fault insurance policy, may an arbitrator also make an award for the same medical expenses and lost earnings in addition to an award for pain and suffering as part of the insured's recovery under the uninsured motorist coverage?

In this case the appellee, Barbara Saunders, was insured by the appellant, State Farm Insurance Company. The policy contained personal injury protection under the no-fault coverage and uninsured motorist coverage. According to appellant's brief, the appellee paid two premiums, one for personal injury coverage and one for uninsured motorist coverage. The appellee was injured in a motor vehicle accident and the appellant paid her $2,478.00 for medical expenses and lost earnings under the personal injury protec-

* Decision was rendered prior to Di SALLE, J., leaving the bench of the Superior Court of Pennsylvania.

tion within the no-fault provisions of the policy. The parties agreed to the appointment of an arbitrator, A. Arthur Hanamirian, Esquire, with respect to a dispute under the uninsured motorist coverage. Following a hearing the arbitrator awarded the appellee $9,987.00 representing an award of $7500.00 for pain and suffering and $2,487.00 for medical expenses and lost earnings. The court below denied the insurance carrier's petition to modify the arbitrator's award and granted the appellee's petition to confirm the award.

The policy issued by the appellant to the appellee provided for no-fault coverage and stated:

What We Pay.

We will pay in accordance with the *No-Fault Act* for *bodily injury* to an *insured,* caused by accident resulting from the maintenance or use of a *motor vehicle* as a vehicle:

The policy also contained uninsured motorist coverage which stated:

We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.* The *bodily injury* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle.*

With respect to the uninsured motorist coverage the policy contained a set-off clause which stated the following:

2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured:*

a. by or for any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured;*

b. for *bodily injury* under liability, or no-fault coverages; or

Our first determination is whether the set-off provision in the uninsured motorist coverage is valid. A similar set-off provision in the uninsured motorist section was found to be invalid by a unanimous panel in *Brader v. Nationwide*

*Mutual Insurance Company,* 270 Pa.Super. 258, 411 A.2d 516 (1979). In that case the set-off provision stated:

"Any amount payable to or for an insured under the Uninsured Motorist coverage of any policy will be reduced by the amount of any Personal Injury Protection benefits paid or payable, and any benefits that would have been paid or payable except for a deductible provision."

270 Pa.Super. 260, 411 A.2d 517.

In the *Brader* case the decedent maintained an insurance policy which provided for the following coverage: family compensation benefits up to $5,000; no-fault benefits up to $5,000 for survivor's loss and the first $1500 of funeral expenses; and uninsured motorist coverage up to $15,000. The insurance carrier paid the decedent's estate the full amounts of coverage with respect to the family compensation benefits and the no-fault benefits of the survivor's loss and funeral expenses for a total of $6500 but refused to pay the full amount of coverage provided in the decedent's uninsured motorist provision. The insurance company desired to reduce the $15,000 payment under the uninsured motorist provision by the $6500 which had been paid under the no-fault provisions of the policy. This court held that the set-off provision was invalid. The court stated the issue involved in the case at 270 Pa.Super. 261, 411 A.2d 517 as follows:

Simply stated, the question presented by this case is whether the policy provision in issue is contrary to public policy and legislative intent, *i.e.,* may an insurance company reduce the statutorily mandated minimum benefits of its uninsured motorist insurance provisions by setting off those amounts received by the insured under his no-fault coverage? We hold that it may not, and therefore affirm the order of the court of common pleas.

The court held that with reference to the Uninsured Motorist Act of August 14, 1963, P.L. 909, § 1, 40 P.S. § 2000 as amended that:

The only exemptions from the mandatory coverage of the act are to damages compensable through workmen's

compensation, to property damage and to "bodily injury sustained by the insured with respect to which the insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against any person who may be legally liable therefor."

270 Pa.Super. 262, 411 A.2d 518.

Concerning legislative intent the court stated:

Indeed, if the legislature intended to allow a dollar-for-dollar set-off of no-fault benefits against benefits payable under uninsured motorist coverage, it could have expressly so provided as it did in the case of the No-fault Act with respect to social security benefits (with exceptions) and workmen's compensation benefits. *See* Act of July 19, 1974, P.L. 489, No. 176 § 206, 40 P.S. § 1009.206.

270 Pa.Super. 264, 411 A.2d 519.

The *Brader* case is not directly on point with our own since in *Brader* the denial of set-off did not necessarily result in double payment of survivor's losses and funeral expenses as the total damages to the decedent's estate exceeded the total amount of coverage provided under the decedent's insurance policy.

Both the appellant and appellee rely on *Brader.* Appellant relies on the court's statement in *Brader* that: ". . . the insured should be allowed to recover under the uninsured motorist provisions of his insurance policy (up to the policy's limits) those actual damages suffered which exceed the amount of no-fault insurance benefits received or owing." This quoted sentence must be read in the context of the preceding sentence which states: "We therefore hold that the exclusionary clause employed in appellant's uninsured motorist policy allowing set-off of no-fault benefits received by the insured against benefits payable under the uninsured motorist policy is invalid." 270 Pa.Super. 265, 411 A.2d 519. The appellee relies on *Brader* in that it holds the set-off provision similar to that found in the instant case to be invalid. We read the *Brader* decision to mean that a set-off clause which reduces benefits payable under the uninsured

motorist coverage is invalid notwithstanding that in some cases the insured will receive recovery for economic detriment as lost wages and medical expenses under both the personal injury provisions of his no-fault policy and also under the uninsured motorist provisions of his policy.

The Uninsured Motorist Act provides:

(a) No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as are fixed from time to time by the General Assembly in section 1421 of article XIV of "The Vehicle Code," act of April 29, 1959 (P.L. 58), under provisions approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, Provided, that:

. . . . .

(d) In the event of payment to any person under the coverage required by this section, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer.

Act of August 14, 1963, P.L. 909 § 1, 40 P.S. § 2000.

The Uninsured Motorist Act is very specific in the protection it grants to an insured who is involved in a motor vehicle accident with an uninsured motorist. Where there is a valid contract of insurance which contains uninsured motorist coverage an insurance carrier is obligated to compen-

sate the insured for damages inflicted upon the insured because of the conduct of the owner and/or operator of the uninsured motor vehicle except for three statutory exclusions: (1) Property damage; (2) bodily injury damages where the insured has settled or prosecuted to judgment any action against any person liable for such injuries without written consent of the insurance carrier and (3) any damage, the payment of which would be for the direct or indirect benefit of a workmen's compensation carrier or any person who would qualify as a self-insurer under any workmen's compensation law. *State Farm Mutual Insurance Company v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978). It was also pointed out in *State Farm Mutual Auto Insurance Company v. Williams* that the uninsured motorist statute mandates a floor of minimum protection to be afforded to the owner or operator of a motor vehicle within the Commonwealth and that while the legislature has permitted enhancement of that minimum protection it does not permit a diminution of that protection below the statutory limits.

In *State Farm Mutual v. Williams*, a husband was driving his wife's automobile when he was involved in an accident with an uninsured motorist. At the time of the accident the wife's car was insured through State Farm Mutual Insurance Company. The husband carried insurance through the same company on his truck. The husband filed a claim against State Farm under both his and his wife's uninsured motorist coverage. State Farm paid the husband the $10,-000 limit under the wife's policy, but refused payment under the husband's policy. The matter went to arbitration and the arbitrator denied the husband's claim under the policy. Appeals to the court of common pleas and the Superior Court resulted in an affirmation of the arbitrator's award. The Supreme Court remanded for appointment of a new arbitrator on the basis of *Harleysville Mutual Casualty Company v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968) which held that where the loss exceeds the limits of one policy, the insured may proceed under other available policies up to the individual limits or to the amount of the actual loss.

Appellant relies on *Harleysville Mutual Casualty Company v. Blumling*, 429 Pa. 389, 241 A.2d 112, 115 (1968) to support its contention that the economic loss paid under the personal injury protection provisions of no-fault coverage cannot be included in an award under the uninsured motorist coverage. The court stated in the *Harleysville* case, 429 Pa. 395, 396, 241 A.2d 115:

> We do not wish to imply that injured parties may be permitted to pyramid separate coverages so as to recover more than the actual loss. Such a ruling is not necessary to the decision of this case and we do not make it. We do hold, however, as did the court in *Sellers*, supra, that where the loss exceeds the limits of one policy, the insured may proceed under other available policies up to their individual limits or to the amount of the actual loss.

However, the issue in *Harleysville* was not the same as in the instant case. In this case we know that the appellant intended to set-off any amounts paid under no-fault coverage and expressly provided for the set-off of such payments. We also know that such a set-off provision is invalid.

Appellant also relies on *Paxton v. State Farm Mutual Automobile Insurance Company*, 17 Mercer County L.J. 121 (1979) which is directly on point as to its facts. In that case the plaintiff was involved in an accident with an uninsured motorist. The plaintiff's uninsured motorist coverage in his policy issued by State Farm Mutual had a limit of $15,000. The court of common pleas held that the set-off provision in the insurance policy allowing set-off of no-fault benefits against uninsured motorist coverage was valid. The court of common pleas relied on *State Farm Mutual v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978) and stated at 17 Mercer County L.J. 124:

> [W]e believe the legislative intent, as expressed in the words of the uninsured motorist statute and as interpreted in *Harleysville*, is clear. The insured may recover uninsured motorists benefits: (1) if the injured party paid the premium of the policy and was the named insured, (2) if the recovery under the second uninsured

motorists coverage was limited to actual damages, and (3) if the recovery is not limited by the statutory exclusions. 481 Pa. 143, 392 A.2d at 287.

To allow plaintiff a double recovery by awarding him damages under both portions of his policy would violate the second requirement set forth in *State Farm Mutual Auto Insurance Company v. Williams*, supra.

Even apart from the invalidity of the set-off clause we find that the court's reasoning is not persuasive. In the *Williams* case the issue was whether an insured could collect under the uninsured motorist coverage provisions in a policy issued on a truck that he owned as well as on a policy covering a car owned by his wife which he was driving at the time of the accident. It was not involved in the set-off of benefits under no-fault coverage against payments due under the uninsured motorist coverage. Also, the court in *Paxton* apparently did not have the benefit of this court's decision in *Brader*.

In *Johnson v. National Mutual Insurance Co.*, 61 Pa.D. & C.2d 514 (1971), affirmed 220 Pa.Super. 793, 286 A.2d 448 (1972), the court held that $3,494.60 paid under a "family compensation" clause of an insurance policy could not be deducted from the $10,000 payable under the uninsured motorist coverage of the policy. The policy had a set-off provision in connection with the uninsured motorist coverage. The court relied on *Harleysville Mutual Casualty Co. v. Blumling, supra*, and stated at 61 Pa.D. & C.2d 518:

*Blumling* not only requires a liberal construction in favor of payment of uninsured motorists benefits, but it authorized, in effect, the collection of two separate uninsured motorists recoveries, indicating however that there would not be permitted a pyramiding of separate coverages beyond actual loss. We think that the instruction of *Blumling* is that, as a matter of statutory policy, respondent may not reduce or dilute the payments that are available to its insured under the uninsured motorists protection of the policy.

With respect to the double payment for lost earnings and medical expenses we have considered *Amaradio v. Traveler's Insurance Company*, 276 Pa.Super. 189, 419 A.2d 159 (1980). In that case the issue was whether an insured could recover medical expenses under the medical payment section of his insurance policy when he had received an award including medical expenses by an arbitrator under the uninsured motorist coverage section of the same policy. The policy made it clear that if a claim was made for medical expenses under the medical payment clause of the contract and a claim for the same expenses was also made under the uninsured motorist clause that the carrier "shall be obligated to pay such expenses under only one of the clauses and not under both." 276 Pa.Super. 192, 419 A.2d 161. This court held that the plaintiffs had recovered the entire amount of their damages under the uninsured motorist section and were not entitled to payment under the medical payment section of their policy. The court stated at 276 Pa.Super. 193, 419 A.2d 161:

> The intent of *40 P.S. 2000*, the so-called uninsured motorist law, was to protect people from the irresponsibili-ty of operators of motor vehicles who cause injury to others but who carry no insurance. *Blumling*, supra. Its purpose was not to enrich persons who have fully recovered monetarily from an accident but who seek to obtain windfall profits from their own insurance carrier.

In *Amaradio* this court did not consider the validity of the set-off clause. In the case before us the set-off clause clearly has been found to be invalid.

Having determined that the set-off provision is invalid in this case, we must look to the remaining language of the uninsured motorist clause to determine whether the insurer must reimburse its insured for economic detriment. The applicable part of the clause provides:

> We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.

■ When intrepreting a contract the intention of the parties must be determined. In a written contract the intention of the parties is manifested by the writing, and when the words are clear and unambiguous the intent is to be determined only from the express language of the agreement. *Robert F. Felte, Inc. v. White*, 451 Pa. 137, 302 A.2d 347 (1973). *See also Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3rd Cir. 1979). This court stated in *Blocker v. Aetna Casualty & Surety Company*, 232 Pa.Super. 111, 114, 332 A.2d 476, 477–8 (1975):

> The single issue for our determination will of course be resolved by our analysis of the terms and conditions of the insurance policy issued by the appellant. This analysis of an insurance policy, like the interpretation of any other written contract, is a question of law for the court. *Bole v. New Hampshire Fire Insurance Company*, 159 Pa. 53, 28 A. 205 (1895). The policy must be read in its entirety; it should be construed according to the plain meaning of the words used, so as to avoid ambiguity while at the same time giving effect to all of its provisions. *Masters v. Celina Mutual Insurance Company*, 209 Pa.Super. 111, 224 A.2d 774 (1965); *Galvin v. Occidental Life Insurance Company*, 206 Pa.Super. 61, 64, 211 A.2d 120, 122 (1965). If it is determined that the language of a policy prepared by an insurer is either ambiguous, obscure, uncertain or susceptible to more than one construction, we must construe that language most strongly against the insurer and accept the construction most favorable to the insured. *Patton v. Patton*, 413 Pa. 566, 573, 198 A.2d 578, 582 (1964); *Flynn v. Allstate Insurance Company*, 50 Pa.D. & C.2d 195, 199–200 (1970).

*See also D'Allesandro v. Durham Life Insurance Co.*, 291 Pa.Super. 613, 436 A.2d 669 (1981).

■ Under the quoted provisions of the policy, the appellee is entitled to recover lost earnings and medical expenses from the appellant, as she would be entitled to recover these items from the uninsured motorist. In fact, the appellant does not contend that the appellee is not entitled to recover

these items under the uninsured motorist provision, but that since she recovered them under the personal injury protection provision of the no-fault coverage, she should not be allowed to duplicate her recovery. Since the set-off provision is invalid she is entitled to recover her economic loss under the uninsured motorist provision notwithstanding that she has already recovered for these items under the personal injury protection coverage.[1] Finally, we are not overly impressed with appellant's argument that the appellee is recovering windfall damages. The appellant points out in its brief that the appellee paid a separate premium for her uninsured motorist coverage distinct from the premium that she paid for her no-fault coverage. Also, the legislature could have amended the Uninsured Motorist Act to provide for set-off of some or all payments made under the no-fault coverage of an insurance policy if it desired to do so.

Order affirmed.

1. We recognize that our decision places the insured in a better position vis-a-vis her insurance carrier than she would have been in had the other party involved in the accident been insured. Had that been the case the appellee would not have had the benefit of the uninsured motorist coverage and she would not have received duplicate recovery for the economic detriment. This consideration, however, does not dissuade us from the conclusion we have reached.